OPINION
{¶ 1} This appeal from the Domestic Relations Division of the Court of Common Pleas of Stark County raises two Assignments of Error:
 ASSIGNMENTS OF ERROR I. {¶ 2} "The Property Division Ordered By The Trial Court Constituted An Abuse Of Discretion And Was Against The Manifest Weight Of The Evidence And Contrary To Law."
 II. {¶ 3} "The Trial Court Erred In Defining And Dividing Marital Property Acquired "during The Marriage" By Establishing The Day Of Trial As The Date To Determine Marital Assets."
 STATEMENT OF THE FACTS AND CASE {¶ 4} The parties to this cause were married on October 29, 1960 with two children born of such union, both of whom are now adults.
 {¶ 5} Appellee, until his disability in 1986 was engaged in the drywall business known as "Masters Drywall." Since becoming disabled their two sons have conducted the business. Appellee receives $1,049.00 Social Security Disability monthly payments.
 {¶ 6} Appellant was the bookkeeper for Masters Drywall and also operates "Mary's Emporium", making and selling dolls.
 {¶ 7} Approximately with the filing of the divorce, the couple's son, John, formed "Drywall Masters", operating with Masters Drywall equipment and customer base, thereby effectively ending the business previously owned by his father.
 {¶ 8} The trial court determined that the marriage began on its inception date and terminated on the day of trial.
 {¶ 9} The trial court found both parties had violated temporary orders. The court also made divisions of property, and ordered no spousal support.
 I., II. {¶ 10} As both Assignments of Error are interrelated, we shall address each simultaneously.
 {¶ 11} The first Assignment of Error alleges abuse of discretion and that certain findings and orders were against the manifest weight of the evidence.
 {¶ 12} The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
 {¶ 13} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 14} The division of marital property falls under the provisions of R.C. § 3105.171(C)(1) and any deviation is subject to review under the abuse of discretion standard. Martin v. Martin (1985),18 Ohio St.3d 292.
 {¶ 15} Such statute states:
 {¶ 16} "(C)(1) Except as provided in this division or division (E) of this section, the division of marital property shall be equal. If an equal division of marital property would be inequitable, the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable. In making a division of marital property, the court shall consider all relevant factors, including those set forth in division (F) of this section."
 {¶ 17} Again, the marital duration determination is also covered by statute.
 {¶ 18} R.C. § 3105.171(A)(2) provides:
 {¶ 19} "(A) As used in this section:
 {¶ 20} "* * *
 {¶ 21} "(2) "During the marriage" means whichever of the following is applicable:
 {¶ 22} "(a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
 {¶ 23} "(b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court."
 {¶ 24} We must review the matters addressed in each Assignment of Error under the guideline that the trial court is vested with broad discretion in its decisions relative to an equitable division of marital assets. Cherry v. Cherry (1981), 66 Ohio St.2d 348.
 {¶ 25} Those matters alleging improper treatment by the trial court concern the following:
 {¶ 26} (A) Use of the trial date as the marriage termination date.
 {¶ 27} (B) Improper valuation of the business of Masters Drywall, particularly with respect to the exclusion of "goodwill" and the existence/value of accounts receivable.
 {¶ 28} (C) Lack of consideration of bank withdrawals by appellee immediately preceding the filing of the divorce of $27,976.00.
 {¶ 29} (D) Improper dating of four bank transfers by appellant totaling $8,633.00, thereby concluding a violation of the temporary order.
 {¶ 30} (E) Applicability of different standards in vehicle evaluation.
 {¶ 31} (F) Denial of a share in the household goods distribution.
 {¶ 32} As to appellant's objections to the trial court's determination that the marriage terminated "through the day of the trial", appellant offers nothing by way of effect of this conclusion which the trial court was authorized to make under R.C. §3105.171(A)(2) except a reliance on Berish v. Berish (1982),69 Ohio St.2d 318.
 {¶ 33} Such case clearly would be applicable to the trial court taking into account the transfer by appellee of the $27,458.02 from the Bank Accounts immediately prior to the filing of this action. However, the marriage termination date is unrelated to the holding of Berish as in the case sub judice the trial court included a consideration of all assets during the period of coveture which included this transfer and, while the final amended entry of September 30, 2002 does not specifically address this transfer, the division of bank deposits clearly reflects a receipt by appellant of approximately one-half of all funds. We therefore disagree with appellant's conclusions as to an abuse of discretion or that the evidence did not warrant the termination date determined by the trial court.
 {¶ 34} The next assertion by appellant is that the business valuation, excluding goodwill and accounts receivable was incorrect.
 {¶ 35} As the trial court correctly concluded:
 {¶ 36} "The Wife's own witness indicated that, "if they (the sons) took goodwill, and it is legal to take goodwill, then the goodwill is gone." The evidence indicates that there was no non-competition clause; and, therefore, the son's action is not a violation of contract law. Therefore, the Court finds there to be no remaining goodwill in Master's Drywall and its value is $10,910, being the current fair value of identifiable net assets-$4,910 cash (checking) and $6,500 equipment."
 {¶ 37} Therefore, under this analysis, goodwill was correctly excluded.
 {¶ 38} As to accounts receivable, two factors were considered. First, Nancy Michael a CPA hired by appellant to determine the business valuation, was not provided information as to the accounts receivable (T. at p. 9). Secondly, even though appellant did testify as to certain checks received from business clients, insufficient testimony was provided as to the utilization of such funds, perhaps as payments of liabilities by way of materials, earnings etc. The assertion that a receipt of funds equates to some unknown accounts receivable, particularly when appellant had served as bookkeeper and the information was not supplied to Plaintiff's expert would place the trial court in the position of speculation. The trial court's exclusion of these items was justified by the record and not an abuse of discretion.
 {¶ 39} The conclusion that improper consideration of bank withdrawals by appellant of many months preceding filing rather than withdrawal during the temporary order led to a finding of contempt, while indicated in the order of October 22, 2002, is not shown as a basis in the amended final entry, which is the subject of this appeal, rather than such subsequent order which is not subject to our review.
 {¶ 40} Paragraph 12 of the amended final entry of September 30, 2002 states:
 {¶ 41} "The Wife engaged in contemptuous action by failing to follow Court orders, in that she cashed in two life insurance policies previously identified; she incurred additional credit card debt, as identified previously; she purchased a motorcycle for a Canadian friend in violation of the restraining order; and she removed marital assets from the residence in violation of the restraining order."
 {¶ 42} The finding of contempt by appellant was not based on such withdrawals.
 {¶ 43} Appellant next objects to the standards of vehicle valuation. While these, on the surface appear to differ, we cannot conclude that the trial court erred in that the testimony may have been more credible as to some vehicle valuations but not as to all.
 {¶ 44} In addition, appellant, at page 12 of her brief, acknowledges that no suggestion of error by the trial court in regard to such valuation occurred.
 {¶ 45} The denial of a share of the household goods by the trial court was proper under R.C. § 3105.171(E)(3):
 {¶ 46} "* * *
 {¶ 47} "(3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property."
 {¶ 48} As stated in appellee's brief, testimony by John Masters (T. at p. 112-114), by appellant (T. at p. 51-53) and by neighbor Sharon Weber (T. at p. 283) clearly supported the trial court's conclusion as to the violation by appellant and the results thereof.
 {¶ 49} The Assignments of Error are denied, the cause is affirmed.
Wise, P.J. concur. Edwards, J. concurs in part and dissents in part.